**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AL SIMONES<br>d/b/a PURPLE PHROGG,<br><br>   Plaintiff,<br><br>   v.<br><br>JAMES F. JOHNSON, III<br>d/b/a FORCED EXPOSURE, INC.<br>   and<br>FORCED EXPOSURE, INC.,<br><br>   Defendants. | Civil Action No.:<br><br>VERIFIED COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Al Simones ("Plaintiff"), by its attorneys, brings the following action and states as follows:

## INTRODUCTION

1. Plaintiff brings this action against James F. Johnson, III, d/b/a Forced Exposure, Inc. ("Johnson") and Forced Exposure, Inc. ("Forced Exposure")(collectively "the defendants") for copyright infringement, trademark infringement, unfair competition, unauthorized use of Plaintiff's name and picture in violation of Massachusetts General Laws Chapter 214 § 3A, and violation of Massachusetts General Laws Chapter 93A. As described more fully below, Defendants have violated Al Simones' intellectual property rights by unlawfully reproducing, marketing, selling and distributing the copyrighted musical recordings and album covers of the Plaintiff in violation of 17 U.S.C. § 101 and 15 U.S.C. § 1125. Defendants have also used the photographic likeness of Plaintiff for commercial gain without permission of Plaintiff. Such acts represent infringements of Plaintiff's copyrights, infringements of Plaintiff's trademarks, misappropriation and theft of Plaintiff's goodwill and reputation, misappropriation of Plaintiff's likeness for commercial purposes, and constitute acts of unfair competition and violations of Mass. Gen. Laws Ch. 93A. Furthermore, the knowing use of Plaintiff's picture on Defendants website for commercial purposes and on all of the offending compact disks is in violation of Mass. Gen. Laws Ch. 214 § 3A.

## PARTIES AND JURISDICTION

2. Plaintiff, Al Simones ("Plaintiff") is an individual and resident of Ohio, with a present residence at Leetonia Ohio.

3. On information and belief, Defendant, James F. Johnson, III. ("Johnson"), is an individual doing business as Forced Exposure, Inc. with a principal place of business at 219 Medford Street, Malden, Massachusetts 02148.

4. On information and belief, Defendant Forced Exposure, Inc. ("Forced Exposure"), is a defunct corporation, first organized as a Massachusetts corporation on April 15, 1987, and dissolved administratively on May 31, 2007.

5. This Court has subject matter jurisdiction because this is an action arising under The Copyright Act, 17 U.S.C. § 101 *et seq.*, jurisdiction being conferred in accordance with 28 U.S.C. § 1338(a), and under the Lanham Act, 15 U.S.C. §§ 1051–1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

## BACKGROUND

### Plaintiff's Business and Its Investment in Proprietary Rights

6. Plaintiff operated a record store and small recording studio under the business name Purple Phrogg. The record store was located at 11675 Market St, North Lima, OH 44452. At present, due to ill health, Plaintiff has not kept regular business hours at his store, although he is still engaged in the purchase and sale of records and musical recordings. Plaintiff is a self taught musician and music producer with no formal training in music. Plaintiff is known among record collectors, musicians, and artists for his unique musical sound and for the high quality, handmade vinyl albums that he produces. Plaintiff's recordings have been recognized by fans around the United States and Europe. **SEE TAB 1.** Plaintiff's musical recordings have been commented on in published articles. **SEE TAB 1.** The artistic work of the Plaintiff was in part based upon the handmade sound and homemade "feel" that is sought after by collectors of small release vinyl records.

7. Plaintiff began his musical career in 1988. In 1992, Plaintiff recorded, produced and released his first album entitled *Corridor of Dreams*. The record was only released as a vinyl long play record. The first pressing was for 300 records, which quickly sold out. A second pressing of 1,000 copies soon followed. The second pressing also sold out. The album art for *Corridor of Dreams* consists of photographs of Plaintiff. In order to facilitate sales of the album, Plaintiff sought the assistance of Defendants. **SEE TAB 2.**

8. In 1994, Plaintiff released his second album, entitled *Enchanted Forest*. This album met with similar success among an audience of vinyl record collectors. The original pressing was for 500 copies, which quickly sold out. Inside the second album cover, on a gatefold jacket, are additional photographs of the Plaintiff and his friends and fellow musicians. Plaintiff created the artwork contained on the handmade album covers for the album. Again, Plaintiff sought the assistance of Defendants in distributing the album. **SEE TAB 2.**

9. In 1998, Plaintiff released his third album, entitled *Balloon Ride*. This album had a limited release of just 500 copies. Plaintiff created the artwork contained on the handmade album covers for the album. Again, Plaintiff sought the assistance of Defendants in distributing the album. **SEE TAB 2.**

10. The relationship between Plaintiff and defendants was limited solely to distribution of Plaintiff records. The defendants never had permission to produce or create a compilation of any of Plaintiffs recordings or to use the cover artwork except to distribute authorized copies of Plaintiff's work. Furthermore, the defendants were never authorized to become involved in the production of either the vinyl records or handmade album covers. Each album was pressed and packaged by hand at the Plaintiff's place of business in Ohio. The role of the defendants was authorized by plaintiff as that of distributor of the handmade vinyl records produced by the Plaintiff.

11. The Plaintiff spent hundreds of hours over a period of years writing, performing, recording, mixing and mastering his songs in preparation for release on vinyl record album. In addition, Plaintiff spent a great deal of time creating the jacket artwork. Plaintiff devoted

a substantial amount of time to locating and purchasing the materials to be used to create the vintage look and feel of the record jackets.  Plaintiff also spent time assembling these album cover jackets one-by-one. Plaintiff intended to distribute his albums to a small audience and never intended for a wide release of his music recordings. The small number record pressing is an important factor in a market place of collectors who collect and pay high prices for interesting "obscure" music.  The illicit, unauthorized compilation placed on the market by Defendants is not only theft of intellectual property and copyright infringement, but also has effectively damaged the collectability of Plaintiff's original records.  Plaintiff's image and reputation in the market has also been completely altered irrevocably by over exposure of Plaintiff's recordings because of the distribution by Defendants of the unauthorized compilation.

12. The result of Plaintiff's efforts is a unique musical sound. All of the music performed on Plaintiff's albums are Plaintiff's sole composition. Plaintiff made use of public domain sound effects in certain recordings, but did not misappropriate any copyrighted material in any of his work. Plaintiff played many of the instruments on each album, and has never performed publicly.  None of his recordings sample or make use of the compositions of any other artists.

13. The sound quality on each of the Plaintiff's records is unique and identifiable among collectors of vinyl records and fans of Plaintiff's music.  Plaintiff never wanted his recordings converted to digital format, because the sound of his vinyl recordings is of a quality and character that is not possible to fully reproduce on a digital track. In addition, Plaintiff intended his work for a small audience of collectors who appreciate the nature of his work.

14. Each of the 2500 authorized copies of the albums that Plaintiff released were intended as a complete artistic work consisting of the vinyl album and handmade album cover.  The Plaintiff intended that the collector and fan of his work would listen to the vinyl album and view the handmade album cover as part of an integrated artistic experience.

15. In November of 2008, Plaintiff became aware of an unauthorized compact disk containing the musical recordings from the albums *Corridor of Dreams* and *Enchanted Forest*. Plaintiff did not give permission to defendants or any other individual or entity for the compilation of his music in digital format. The compilation compact disk containing *Corridor of Dreams* and *Enchanted Forest* is being marketed and distributed by defendants on their website.  The compilation includes the likeness of the Plaintiff on the cover, as well as original art work from the handmade album covers **SEE TAB 3**. The compilation CD has a photograph of the Plaintiff on both the front and back covers. The pirated work also includes a fraudulent and deceptive copyright disclaimer and a phony barcode to add to the authenticity of the pirated work.

16. The Plaintiff visited the webpage of Defendants and saw that on the Defendant's website, his image as it appeared on the album cover was being displayed.  The unauthorized compact disc cover art showing the defendant was searchable on the world wide web as a web page within the internet domain of the Defendant's website, http://www.forcedexposure.com/. The display of the album art containing the likeness of Plaintiff accompanied the ability to purchase the album through online purchasing on http://www.forcedexposure.com/. **SEE TAB 4.**

17. Plaintiff emailed Forced Exposure on November 17, 2008 immediately upon learning that they were marketing a pirated music CD.  **SEE TAB 5.**  Forced Exposure did not reply to this email or take any steps to stop the distribution of the copyright infringing works sold and distributed through their website.

18. Within 30 days of learning of the infringement, Plaintiff applied for registration of his musical works with the United States Copyright Office. **See Tab 6.**

19. Plaintiff has invested approximately $100,000 of money, materials and labor in the recording, producing, and engineering of his three albums. Plaintiff spent months in his home studio preparing each track. Each of the 2500 authorized copies of album covers that were sold was hand made by Plaintiff. Plaintiff designed the cover artwork for each album and assembled each.

20. The success of the Plaintiff's recordings has been due, at least in part, to the phenomenal quality of the sound on the vinyl recordings and the cover art on each handmade album cover. Plaintiff's albums *Corridor of Dreams* and *Enchanted Forest* have met with tremendous positive feedback among fans. Many of these favorable reviews refer to Plaintiff's sound and style, both regarding the music and the cover art. Attached at Tab 1 are several articles and letters from fans and reviewers. **SEE TAB 1.** As an example below is an excerpt of a review of Plaintiff's third album published in *Terrascope*:

    > Underground private pressings, particularly of the guitar-psych nature, can be hellishly expensive and difficult to get hold of - and aren't always worth it on a musical level, which is why Terrascope doesn't slavishly review everything we can lay our hands on as if in some vain attempt to keep our freak credentials up to date. Making qualitative judgments is of course questionable craft, and I'd be the first to admit we've either overlooked a few gems, or failed to recognize them as such, down the years: although drooled over his debut "Corridor of Dreams" several issues ago we completely missed Al Simones' last album "Enchanted Forest" for instance (it just wasn't affordable at the time to be honest). Nevertheless I humbly reckon "Balloon Ride" is one to treat yourself to if you get the chance. Coming in a thick card black gatefold sleeve with paste-on artwork - the front cover especially is extraordinarily beautiful if not strictly speaking relevant, a five color illuminated letter "L" from the turn of the last century (last but one, if this issue's even later coming out than anticipated) ...

    > ... Simones' music is darkly mysterious and an experience in itself, and by that reckoning alone this is a beautiful album.

    Attached at Tab 1 are several other letters and articles. Several of these articles are in Italian and demonstrate that Plaintiff's music was widely received by a global audience.

21. Plaintiff applied for each copyright registration of his three albums as soon as possible after learning of the distribution of the pirated compilation. The copyright applications were sent to the United States Copyright Office on December 16, 2008. Up to the date of this complaint, the United States Copyright Office has not processed these applications and therefore there is no registration number available. The three applications attached at Tab 6 cover both the audio-visual, and the recording portions of the albums *Corridor of Dreams*, *Enchanted Forest*, and *Balloon Ride* and all songs therein. **SEE TAB 6.**

22. On July 22, 2009, Plaintiff sent a demand letter to defendants via certified mail, return receipt requested pursuant to M.G.L. Ch. 93A. The demand letter requested tender of settlement and delivery to Plaintiff of all pirated works in the possession of the Defendants. The Defendants did not respond to Plaintiff's demand letter within 30 days of receipt of the demand letter. **SEE TAB 7.** No response to Plaintiff's demand letter has been received.

## Illegal Conduct of the Defendants

23. Defendants are engaged in the publication, manufacture, distribution, marketing, advertising and sale of a wide variety of world and alternative music. Many of these works are from foreign artists and are small releases. Over the years, Defendants have been Plaintiff's distributor of vinyl albums, including *Corridor of Dreams*, *Enchanted Forest*, and *Balloon Ride*. At no time did Plaintiff grant permission for defendants to publish, manufacture, distribute market, advertise and sell a compilation that included the recordings and cover art from the albums *Corridor of Dreams* and *Enchanted Forest*. **SEE TAB 3.**

24. On information and belief, James F. Johnson, III is the principal of and doing business as Forced Exposure a distributor of world music with a principal place of business at 219 Medford Street, Malden Massachusetts 02148.

25. On information and belief, Forced Exposure is the manufacturer, promoter, publisher, distributor, and advertiser of an unauthorized and pirated compilation of the music of Plaintiff.

26. On information and belief, defendants are actively manufacturing, promoting, importing and distributing for sale in interstate commerce an unauthorized compilation containing the copyrighted recordings and artwork from the albums *Corridor of Dreams* and *Enchanted Forest*.

27. Johnson and Forced Exposure have promoted the compilation *Corridor of Dreams/Enchanted Forest* in the United States by means of the Internet and through distribution of compact disks.

28. On or about November 17, 2009 Plaintiff discovered that defendant's website (www.forcedexposure.com) placed an advertisement soliciting the sale of the compilation *Corridor of Dreams/Enchanted Forest* on the "World-Wide-Web" section of the Internet.

29. Plaintiff contacted Forced Exposure via email on November 17, 2008 and asked for Forced Exposure to stop the sale of the unauthorized compilation. Forced Exposure and Johnson did not reply to that inquiry.

30. Subsequently, Plaintiff obtained a Compact Disk containing a cover insert that included Plaintiff's photograph and cover artwork as well as the music CD containing the recordings from the albums *Corridor of Dreams* and *Enchanted Forest*.

31. Plaintiff never authorized defendants to make a compilation of works from or otherwise use the artwork or recordings from *Corridor of Dreams* and *Enchanted Forest*.

32. The unauthorized reproduction of Plaintiff's recordings and cover art for the CD *Corridor of Dreams/Enchanted Forest* is an unauthorized use of Plaintiff's copyright and is an infringement of Plaintiff's copyrights.

33. On information and belief, the compilation distributed by Forced Exposure and advertised, promoted and sold on the world wide web is also being sold by customers of Forced Exposure in record stores across the United States. A copy of the unauthorized CD was obtained from a record store in Cambridge, Massachusetts in July of 2009. **SEE TAB 3.**

34. Defendants expropriation of Plaintiffs proprietary sound, recordings and artwork as described above represents a pattern of conduct seeking to trade on Plaintiff's goodwill.

35. On information and belief, Defendants knowingly and willfully copied the recordings and artwork from the albums *Corridor of Dreams* and *Enchanted Forest* in violation of Plaintiff's rights.

36. Defendants' use of Plaintiff's proprietary sound, recordings and cover art are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the compilation *Corridor of Dreams/Enchanted Forest* with Plaintiff, or as to the origin, authorship, sponsorship or approval of Defendants' compilation *Corridor of Dreams/Enchanted Forest*.

37. Purchasers of the compilation *Corridor of Dreams/Enchanted Forest* are likely to believe that the compilation *Corridor of Dreams/Enchanted Forest* originates with Defendants' and/or that the compilation *Corridor of Dreams/Enchanted Forest*, including its cover art and likeness of Plaintiff are sponsored, approved or otherwise legitimately connected with Plaintiff.

38. Defendants' use of Plaintiff's proprietary sound, recordings and cover art constitutes a false designation of origin in violation of Section 43(a) of the Trademark Laws of the United States (15 U.S.C. § 1125(a)).

39. Defendants' use, publication, distribution and/or sale of Plaintiff's sound, recordings, cover art and photographic likeness of Plaintiff each constitute unfair and deceptive practices in violation of M.G.L. Ch. 93A.

40. Defendants actions constitute acts of unfair competition.

41. Defendants aforesaid acts are causing great and irreparable damage to Plaintiff and will continue so to damage Plaintiff unless restrained by this Court; wherefore Plaintiff is without an adequate remedy at law.

**COUNT ONE**
Copyright Infringement under 17 U.S.C. § 101
Against All Defendants

42. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 41 of this Compliant as if stated here in full.

43. The copyright in the recordings and cover-art of Plaintiff's albums *Corridor of Dreams* and *Enchanted Forest* was applied for on December 16, 2008, less than 30 days after Plaintiff learned of the misappropriation of his copyrighted works by the Defendants on November 17, 2008.

44. Plaintiff has been, and still is, the sole owner of all right, title and interest in and to all copyrights in the recordings and cover-art of Plaintiff's albums *Corridor of Dreams* and *Enchanted Forest*. Plaintiff has not authorized Defendants to copy, modify, or make compilations of the recordings and cover-art of Plaintiff's albums *Corridor of Dreams* and *Enchanted Forest*.

45. On information and belief, Defendants have copied and made derivative works of Plaintiff' copyrighted recordings and cover-art of Plaintiff's albums *Corridor of Dreams* and *Enchanted Forest* and have thereby infringed the copyrights in such products.

46. On information and belief, Defendants have manufactured, published, distributed and sold copies of Plaintiff's copyrighted recordings and cover-art of Plaintiff's albums *Corridor of Dreams* and *Enchanted Forest* and have thereby infringed the copyrights in such products.

47. By reason of the Defendants' acts of copyright infringement, Plaintiff has suffered, and will continue to suffer, substantial and irreparable damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.

48. Defendants' acts of copyright infringement have caused Plaintiff irreparable injury, and Defendants threaten to continue to commit these acts. It is difficult or impossible to calculate the amount of compensation by money damages which could afford Plaintiff adequate relief for these continuing acts. The value of Plaintiff's vinyl recordings has diminished due to the release and distribution of the unauthorized digital recordings by Defendants.

49. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct in that (i) its copyrighted recordings and cover-art of Plaintiff's albums *Corridor of Dreams* and *Enchanted Forest* are unique invaluable property which have no readily determinable market value; (ii) Defendants' infringement constitutes an interference with Plaintiff's goodwill, business reputation and customer relationships; and (iii) Defendants' wrongful conduct, and the damages resultant to Plaintiff therefrom, is continuing. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief pursuant to 17 U.S.C. § 502 and to an Order under 17 U.S.C. § 503 that the infringing products be impounded and destroyed.

50. Plaintiff is also entitled to recover actual damages and profits in an amount to be determined at trial (17 U.S.C § 504(b)) or statutory damages (17 U.S.C. § 504(c)), as well as its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT TWO

Trademark Infringement and Unfair Competition
under 15 U.S.C. § 1125
Against All Defendants

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50 of this Complaint as if stated here in full.

52. Plaintiff is the owner of the albums *Corridor of Dreams* and *Enchanted Forest* together with all of the words, lyrics, musical compositions, photographs, artwork, designs, terms, names, symbols, devices and trademarks by the recordings and the cover-art.

53. The albums *Corridor of Dreams* and *Enchanted Forest* and all of the words, lyrics, musical compositions, photographs, artwork, designs, terms, names, symbols, devices and trademarks, has met with enormous acclaim and great success in the music industry and an international group of fans.

54. The music and artwork in Plaintiff's albums are unique and distinctive, and are owned exclusively by Plaintiff, which identifies Plaintiff as the source of the music and cover art. Therefore, the music and artwork on the albums *Corridor of Dreams* and *Enchanted Forest* are a trademark of Plaintiff.

55. To date, Plaintiff the albums *Corridor of Dreams* and *Enchanted Forest* has sold over 2,500 units.

56. Plaintiff has invested approximately $100,000 in time, materials and labor in the recording, editing, designing, hand manufacturing, advertising, promoting and marketing of the

albums *Corridor of Dreams* and *Enchanted Forest* throughout the United States and a global market.

57. By virtue of the success and acclaim of Plaintiff's albums *Corridor of Dreams* and *Enchanted Forest*, including all of the words, lyrics, musical compositions, photographs, artwork, designs, terms, names, symbols, devices and trademarks which are distinctive features of the albums, *Corridor of Dreams* and *Enchanted Forest*, now represent the valuable goodwill owned by Plaintiff.

58. Defendants have created, published, promoted, advertised and sold a compilation called *Corridor of Dreams/Enchanted Forest* which includes an exact duplicate of the distinctive and well-known albums *Corridor of Dreams* and *Enchanted Forest*. The unauthorized compilation includes photographs of the Plaintiff and album art, in addition to the musical recordings of Plaintiff.

59. On information and belief, the CD cover and musical recordings of Defendants' *Corridor of Dreams/Enchanted Forest* compilation were duplicated from Plaintiff' albums *Corridor of Dreams* and *Enchanted Forest* and used in the *Corridor of Dreams/Enchanted Forest* compilation with full knowledge that such CD cover art and musical recordings were used for the purpose of misleading and confusing the public.

60. Defendants' use of Plaintiff' unique album cover and personal likeness constitutes a false attribution and also is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, or to deceive consumers as to the origin, sponsorship or approval of Defendants' *Corridor of Dreams/Enchanted Forest* compilation in that purchasers and others are likely to believe that the *of Dreams/Enchanted Forest* compilation is somehow sponsored, approved or otherwise legitimately connected with Plaintiff.

61. Defendants' use of Plaintiff' unique album art, personal likeness, and musical recordings misrepresents the nature, characteristics and qualities of Plaintiff's artistic work and purchasers and others will believe that the compilation was authorized and created by Plaintiff.

62. The aforesaid likelihood of confusion and misrepresentations of Plaintiff's artistic work constitute use of a false designation of origin, false or misleading descriptions of fact or false or misleading representations of fact, and false attribution, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

63. Defendants' acts are causing great and irreparable damage to Plaintiff and will continue to damage Plaintiff unless restrained by this Court; wherefore Plaintiff is without an adequate remedy at law.

64. As a result of Defendants' acts, Plaintiff has suffered damage in an amount to be determined at trial.

**COUNT THREE**
Violation of Mass. Gen. Laws Chapter 93A
Against All Defendants

65. Plaintiff refers to paragraphs 1 through 64 of this Complaint and incorporates them as if stated here in full.

66. Plaintiff and defendants are engaged in the conduct of trade or commerce within the meaning of M.G.L. c. 93A, § 11.

67. The acts or practices described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by M.G.L. c. 93A, § 2, and were committed by defendants in knowing and willful violation thereof.

68. As a direct and proximate result of Defendants' violation of M.G.L. c. 93A, Plaintiff has suffered, and will continue to suffer, a loss of money or property within the meaning of M.G.L. c. 93A, § 11 in an amount as yet undetermined.

## COUNT FOUR
Unfair Competition
*Against All Defendants*

69. Plaintiff refers to paragraphs 1 through 68 of this Complaint and incorporates them as if stated here in full.

70. The acts or practices described above constitute unfair methods of competition under the common-law of the Commonwealth of Massachusetts and were committed by defendants knowingly and willfully.

71. As a direct and proximate result of Defendants' commission of these acts, Plaintiff has suffered, and will continue to suffer, a loss of money or property in an amount to be determined at trial.

## COUNT FIVE
Violation of M.G.L. c. 214 § 3A
*Against All Defendants*

72. Plaintiff refers to paragraphs 1 through 71 of this Complaint and incorporates them as if stated here in full.

73. The defendants' knowingly used pictures of the Plaintiff on the unauthorized compact disks in violation of M.G.L. Ch. 214 § 3A. The defendants' published photographs of the Plaintiff in order to take advantage of his reputation, prestige, or other value associated with him, for purposes of publicity. The Defendants used the likeness of the Plaintiff for commercial purposes on their website.

74. The defendants' appropriated two images of the Plaintiff for commercial use. One image on the front of the CD insert and one image on the back of the CD insert.

75. The acts or practices described above constitute an invasion of privacy as protected and declared unlawful by M.G.L. c. 214 § 3A, and were committed by defendants in knowing and willful violation thereof.

76. As a direct and proximate result of Defendants' violation of M.G.L. c. 214 § 3A, Plaintiff has suffered, and will continue to suffer, a loss of money or property within the meaning of M.G.L. c. 214 § 3A in an amount as yet undetermined.

**PRAYERS FOR RELIEF**

 **WHEREFORE**, Plaintiff requests that the Court enter judgment in its favor and to grant the following relief:

1. The Defendants, their respective agents, servants, employees, attorneys, all entities in which they (individually or together) are principals, affiliates, all entities with which they (individually or together) are affiliated, partners, joint venturers, co-venturers, contractors, consultants, and all persons or entities in active concert or participation with them:

   (a) be enjoined and restrained temporarily and preliminarily:

    (i) from manufacturing, distributing, advertising or selling any product which infringes upon Plaintiff' copyrights in the musical works contained on the albums *Corridor of Dreams* and *Enchanted Forest*;

    (ii) from manufacturing, distributing, advertising or selling any product which infringes upon Plaintiff's copyright and trademarks in the unique album covers contained on the albums *Corridor of Dreams* and *Enchanted Forest*;

    (iii) from manufacturing, distributing, advertising or selling any product which infringes upon Plaintiff's privacy by misappropriation of the likeness of Plaintiff on each of the album covers on the unauthorized compilation *Corridor of Dreams/Enchanted Forest*;

   (b) immediately to impound, during the pendency of this action and to destroy after judgment in this action all infringing copies of Defendants' compact discs currently in the United States, or any of the United States territories or protectorates which are in the possession, custody or control of the defendants;

   (c) be ordered:

    (i) to deliver up to Plaintiff all unauthorized copies of Plaintiff's recordings, album art, and likenesses of Plaintiff, and works infringing thereupon including any modifications; and

    (ii) to make a diligent effort to recall all of Defendants' infringing products and to file with this Court and serve on Plaintiff, within ten (10) days after the date of an injunction, a written report, signed under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

2. That an accounting and judgment be rendered for Plaintiff on Count One and Three and that Defendants, jointly and severally, be ordered to pay Plaintiff:

   (a) treble profits received by Defendants from the sale or licensing of infringing compact disks containing an unauthorized compilation of *Corridor of Dreams* and *Enchanted Forest*;

   (b) treble damages suffered by Plaintiff as a result of Defendants' acts of copyright infringement;

   (c) treble profits received by Defendants from the sale of goods displaying the unauthorized likeness of the Plaintiff;

   (c) statutory damages in the amount of $600,000 for willful copyright infringement for each copyrighted work infringed by Defendants, as provided for in 17 U.S.C.

§ 504(c)(2), if that amount is greater than the amounts awarded under items (a) and (b) above;

(d) its costs in this action, including an award of its reasonable attorneys' fees under Counts One, Three and Four of the Complaint;

3. Enter judgment for Plaintiff on Count Two of the Complaint and order Defendants to pay Plaintiff, jointly and severally, all damages suffered by reason of Defendants' violations of 15 U.S.C. § 1125(a) and unfair competition, as well as awarding costs and attorneys' fees.

4. Enter judgment for Plaintiff on Count Three of the Complaint and order Defendants to pay Plaintiff, jointly and severally, all damages suffered by reason of Defendants' violations of 17 U.S.C. § 101, 15 U.S.C. § 1125(a), M.G.L. Ch. 93a, unfair competition and M.G.L. c. 214 § 3A, as well as awarding costs and attorneys' fees. and award Plaintiff three times its actual damages under M.G.L. c. 93A, as well as its attorneys' fees; and

5. Enter judgment in favor of Plaintiff on Count Four of the Complaint and order Defendants to pay Plaintiff, jointly and severally, all damages suffered by reason of Defendants' unfair competition, as well as awarding costs and attorneys' fees.; and

6. Enter judgment in favor of Plaintiff on Count Five of the Complaint and order Defendants to pay Plaintiff, jointly and severally, treble damages suffered by reason of Defendants acts involving misappropriation of the likeness of defendant, as well as awarding costs and attorneys' fees.

7. Award Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury on all claims triable to a jury.

Respectfully Submitted
Al Simones,
d/b/a Purple Phrogg
by his attorney,

Alan Segal
BBO # 450580
Kurt McHugh
BBO# 654835
Jonathan Bent
BBO# 661349
175 Highland Ave.
Needham, MA  02494
781.444.9676

Dated:  October 2, 2009

## VERIFICATION

I, Al Simones, hereby state that I am familiar with the facts giving rise to the attached Complaint. I have read the allegations of the Complaint. To the best of my knowledge and belief, the allegations contained in the Complaint are true.

Signed under the pains and penalties of perjury this 28th day of September, 2009.

_____
Al Simones